NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 16 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DANIEL GONZALEZ, | No. 17-55058 |
| Petitioner-Appellant, | D.C. No. 2:14-cv-01047-SVW-JEM |
| v. | |
| CLARK E. DUCART, Warden, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Argued and Submitted April 10, 2019
Pasadena, California

Before: GRABER and BYBEE, Circuit Judges, and HARPOOL,** District Judge.

Petitioner Daniel Gonzalez appeals the district court's denial of his 28

U.S.C. § 2254 habeas corpus petition. We have jurisdiction under 28 U.S.C. §§

1291 and 2253. On de novo review, *Lujan v. Garcia*, 734 F.3d 917, 923 (9th Cir.

2013), we affirm.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable M. Douglas Harpool, United States District Judge for the Western District of Missouri, sitting by designation.

1. Petitioner first argues that insufficient evidence supports his two convictions for attempted murder. We are bound by the California Court of Appeal's interpretation of state law, including its interpretation of *People v. Smith*, 124 P.3d 730, 744–45 (Cal. 2005), which allows a conviction for two counts of attempted murder when a single bullet is fired. *See Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) (per curiam) ("[A] state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus."). The California Court of Appeal's factual determinations—that sufficient evidence supported a finding that Alvarez and Jimenez both were in the line of fire and an inference that Blanco intended to kill both men—were not unreasonable. 28 U.S.C. § 2254(d)(2), (e)(1). Thus, the California Court of Appeal's conclusion that sufficient evidence supported both attempted murder convictions is neither contrary to nor an unreasonable application of *Jackson v. Virginia*, 443 U.S. 307 (1979). *See* 28 U.S.C. § 2254(d)(1); *Coleman v. Johnson*, 566 U.S. 650, 651 (2012) (per curiam) ("[O]n habeas review, a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge" unless "the state court decision was objectively unreasonable." (internal quotation marks omitted)).

2. Petitioner next contends that Juror No. 3's statements to other jurors about her personal experiences with gangs tainted the jury in violation of his Sixth

Amendment right to an impartial jury and that he was at least entitled to an evidentiary hearing to question the other jurors about the effect of Juror No. 3's misconduct. Although the juror's failure to reveal her experiences when questioned in voir dire was misconduct, we conclude that reversal is not warranted. The trial court removed and replaced the juror, admonished the jury, and required new deliberations.

Given the trial court's actions, Petitioner cannot show that the information imparted by the juror had a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (quoting *Kotteakos v. United States*, 328 U.S. 750, 776 (1946)); *Smith v. Swarthout*, 742 F.3d 885, 894 (9th Cir. 2014) (applying *Brecht* harmless-error standard to a juror misconduct claim on habeas review). That is particularly so because the information was cumulative of gang evidence in the case that gang members kill rival gang members.

Moreover, the California Court of Appeal's conclusion that the trial court did not abuse its discretion in declining to conduct an additional hearing to explore the effect of the juror's revelations was not contrary to or an unreasonable application of clearly established federal law as announced by the Supreme Court. *See* 28 U.S.C. § 2254(d)(1). *Remmer v. United States*, 347 U.S. 227 (1954), and *Smith v. Phillips*, 455 U.S. 209 (1982), "do not stand for the proposition that any

3                                                                          17-55058

time evidence of juror bias comes to light, due process requires the trial court to" conduct an evidentiary hearing. *Tracey v. Palmateer*, 341 F.3d 1037, 1044 (9th Cir. 2003) (emphasis omitted).

3.  The California Court of Appeal's summary denial of Petitioner's ineffective-assistance-of-counsel claim was neither contrary to nor an objectively unreasonable application of *Strickland v. Washington*, 466 U.S. 668 (1984). *See* 28 U.S.C. § 2254(d)(1). Even assuming that trial counsel's failure to obtain a sworn statement was constitutionally deficient performance, there is no reasonable argument that the failure prejudiced Petitioner. *See Strickland*, 466 U.S. at 691–93.

4.  We do not consider additional arguments raised for the first time in the reply brief. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

**AFFIRMED.**

4